*52 OPINION.
Littleton:
We are of the opinion from the evidence that petitioner was not entitled to be classified as a personal service corporation during 1918 and 1919, for the reason that capital was necessary and was used in the business, and was a material factor in producing its income. It made contracts with a number of producing companies to sell all or a large proportion of their output and to pay for all coal shipped on its order from the 20th to the 25th of the month following shipment. During 1918 petitioner obligated itself to pay the producer for all coal shipped. During 1919 the *53 petitioner, by the terms of its contracts, guaranteed payment to the producer for all coal sold by petitioner. The producer looked to the petitioner for payment and was not concerned with the matter whether the consignee ever paid the petitioner.
Through the knowledge and experience of its president and principal stockholder, the petitioner was to a large extent enabled to make collection from those to whom it sold coal before it was required to pay the producer from which it purchased the same. This was not always true, however, and it was necessary for petitioner to borrow large sums of money from time to time in order to make payments to the producers for coal shipped. Petitioner was not merely a sales representative. It received no profit unless the purchaser paid it for the coal, and it sustained all losses in connection with failure of the consumers to pay for coal shipped to them.
We think the fact that petitioner was enabled to carry on its operations to a large extent by requiring purchasers of coal to pay it before it was required to pay the producer is not proof that it was a personal service corporation. When a person indebted to petitioner did not make payment or was late in doing so, petitioner either used its surplus cash or borrowed sufficient funds with which to pay for the coal which it had sold. We are of the opinion that capital was a material income-producing factor. Appeal of C. N. Merritt & Brother, Inc., 1 B. T. A. 927; Appeal of Cleveland & Western Coal Co., 4 B. T. A. 93.
We are not convinced from the evidence that the comparatives used by the Commissioner in determining the profits tax for 1918 were improper, nor can we say, under all the facts and circumstances, that the four corporations submitted as comparatives were similarly circumstanced within the meaning of section 328 of the Bevenue Act of 1918.
We are of opinion that petitioner has brought itself within the provisions of the first sentence of section 327 (d) of the Bevenue Act of 1918, and is therefore entitled to have its profits tax for 1919 computed under the provisions of section 328 of that Act.

Judgment will he entered on 15 days' notice, wider Bule 50.